PALMER, J.
ON MOTION FOR REHEARING AND REHEARING EN BANC
Florida Healthy Kids Corporation (FHKC) filed a motion for rehearing and rehearing en banc. We deny the motion, but withdraw our previous opinion and substitute this corrected opinion in its stead.
Health First Health Plan C, Inc., (Health First) appeals the final order entered by the trial court granting summary judgment in favor of FHKC. Determining that the trial court misinterpreted the controlling statute and, as a result thereof, erred in concluding that FHKC did not breach its contract with Health First, we reverse.
Health First filed an amended complaint against FHKC alleging claims of breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty. All claims arose out of Health First’s contract with FHKC.
In its amended complaint, Health First described itself as a health maintenance organization providing comprehensive health care services via a health insurance plan that covered 6,000 Brevard County children. FHKC was created by section 624.91 of the Florida Statutes to provide eligible children with health insurance coverage, and was one of the five components of the Florida KidCare Program.[1] The overall coverage goal of the Florida Kid-Care Program was to ensure that uninsured children would receive healthcare provided through one of the following programs: (1) Medicaid, (2) Medikids, (3) employee sponsored group health-insurance plans, (4) the Children’s Medical Services Network (CMS), or (5) FHKC. Health First’s complaint alleged that FHKC breached the parties’ contract when it erroneously determined that a special needs child known as Child Doe # 3 could be enrolled in the FHKC program because she was ineligible to be enrolled in the CMS program due to her family’s income.[2] The CMS program was specifically designed to cover children with special needs.
FHKC filed a motion seeking summary judgment claiming it did not breach its contract by placing Child Doe # 3 in the FHKC program because Child Doe #3 was not eligible to be enrolled in the CMS program. In response, Health First argued that FHKC did breach its contract because Child Doe # 3 should have been enrolled in the CMS program for children with special needs, not FHKC. The trial *139 court granted FHKC’s motion based on the finding that FHKC did not breach its contract with Health First by enrolling Child Doe # B in the FHKC program. We disagree.
The contract between Health First and FHKC contained the following eligibility provisions:
3-6 Eligibility
HEALTH FIRST [HFHP] agrees to accept Participants who meet the eligibility standards contained in Exhibit F attached hereto and incorporated herein as a part of this Agreement.... HEALTH FIRST agrees that, subject to relevant federal and state law and subject to the requirements of this Agreement, FHKC is solely responsible for determining whether or not a child is eligible for the FHKC program....
(Emphasis supplied). Section 409.814 of the Florida Statutes defines the eligibility requirements for CMS as follows:
409.814. Eligibility
A child whose family income is equal to or below 200 percent of the federal poverty level is eligible for the Florida Kid-Care program as provided in this section.
[[Image here]]
(3) A child who is eligible for the Florida KidCare program who is a child with special health care needs, as determined through a medical or behavioral screening instrument, is eligible for health benefits coverage from and shall be referred to the Children’s Medical Services network.
[[Image here]]
(5) A child whose family income is above 200 percent of the federal poverty level or a child who is excluded under the provisions of subsection (4) may participate in the Florida Kid-Care program, excluding the Medicaid program, but is subject to the following provisions:
(a) The family is not eligible for premium assistance payments and must pay the full cost of the premium, including any administrative costs.
(b) The agency is authorized to place limits on enrollment in Medi-kids by these children in order to avoid adverse selection. The number of children participating in Me-dikids whose family income exceeds 200 percent of the federal poverty level must not exceed 10 percent of total enrollees in the Medikids program.
(c) The board of directors of the Florida Healthy Kids Corporation is authorized to place limits on enrollment of these children in order to avoid adverse selection. In addition, the board is authorized to offer a reduced benefit package to these children in order to limit program costs for such families. The number of children participating in the Florida Healthy Kids program whose family income exceeds 200 percent of the federal poverty level must not exceed 10 percent of total enrollees in the Florida Healthy Kids program.
(d) Children described in this subsection are not counted in the annual enrollment ceiling for the Florida KidCare program ...
§ 409.814(3) & (5), Fla. Stat. (2001).
In its order entering summaiy judgment in favor of FHKC, the trial court concluded that a child must meet the financial eligibility component and be a special needs child in order to be eligible for CMS. The trial court supported its decision based on the difference between the words “eligible” which appears in section *140 409.814(3), and “participate” which appears in section 409.814(5). However, the trial court’s conclusion is refuted by the language set forth in section 409.814(5) which states that a child with a family income above 200% of the federal poverty level may participate in all of the Florida Kid-Care Programs, excluding the Medicaid program. This language necessarily leads to the conclusion that the only component of the Florida KidCare Program that a child with a family income level above 200% of the federal poverty level could not participate in is the Medicaid program. When read together, sections 409.814(3) and (5) authorize an eligible child with special needs and a family income exceeding 200% of the federal poverty level to participate in CMS. As such, pursuant to the parties’ contract, Child Doe # 3 should not have been placed in the FHKC program, but rather, should have been referred to CMS as a special needs child. Accordingly, the trial court erred in ruling otherwise.
The final summary judgnent entered in favor of FHKC is reversed and this case is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
TORPY and EVANDER, JJ., concur.

. See § 409.812, Fla. Stat. (2001).

. Child Doe # 3 is a child with special needs whose family income allegedly exceeded 200% of the federal poverty level.